UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE Forfeiture of: $1,138.85, (21-CBP-000405) $41,278.56, (21-CBP-000406) and $120,223.45 (21-CBP-000404) | Misc. No.: 21-51232 |

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Claimant Apollon Nimo, by and through his attorney, Patrick Hurford, as follows:

1. On May 24, 2021, Homeland Security Investigations (HSI) seized $41,278.56 from Michigan Schools & Government Credit Union Acct #80597305, and on May 28, 2021, HSI seized West Bank Cashier's Check #592946 in the amount of $1,138.85, and two Fifth Third Bank cashier's checks in the amounts of $110,334.19 and $9,889.26 (collectively, "Subject Property").

2. Additionally, on May 24, 2021, HSI caused the following accounts to be frozen for possible future forfeiture pursuant to a duly issued seizure warrant: 0.49621713 Bitcoin contained in Coinbase wallet 5a1f92b3917dd90148d59f61 as of April 30, 2021; $220,320.21 in Robinhood Market Account Number 152552295

as of April 30, 2021; and, $439,860.50 in Charles Schwab Corporation Account Number 5081-6236 as of April 30, 2021.

3. The Parties acknowledge and stipulate that Customs and Border Protection (CBP) provided notice to all known interested parties, including to Apollon Nimo, as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Subject Property.

4. Apollon Nimo filed claims in the administrative forfeiture proceeding with CBP regarding the Subject Property. No other person has filed a claim to the Subject Property in the administrative forfeiture proceeding.

5. CBP referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

6. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this

case, the 90-day deadline would be **October 4, 2021**.

7. As provided in 18 U.S.C. § 983(a)(3)(A), the Parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Subject Property.

8. Apollon Nimo knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action by **October 4, 2021**.

9. The Parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **91 days** from **October 4, 2021** to and including **January 3, 2022**.

10. Apollon Nimo waives all constitutional and statutory challenges related to the foregoing extension, and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely

commenced. Apollon Nimo further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Subject Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

11. Apollon Nimo agrees that until the United States files a complaint for forfeiture against the Subject Property and/or alleges forfeiture of the Subject Property in a criminal action, or until **January 3, 2022**, whichever occurs first, the Subject Property shall remain in the custody of the United States and Apollon Nimo shall not seek its return for any reason in any manner.

12. By signing below, Patrick Hurford declares that prior to signing this Stipulation he provided a copy of it to Claimant Apollon Nimo, reviewed it with Claimant, consulted with him regarding its contents, answered any questions he had about it, determined that Claimant understands its terms and is aware of his rights in this matter, and that Apollon Nimo authorized Patrick Hurford to sign this Stipulation.

[*This section intentionally left blank*.]

13. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| s/ Michael El-Zein | s/ Patrick Hurford (by consent) |
| Michael El-Zein | Patrick Hurford |
| Assistant United States Attorney | Attorney for Apollon Nimo |
| 211 W. Fort Street, Suite 2001 | 400 Monroe, Suite 260 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9770 | (313) 447-0301 |
| michael.el-zein@usdoj.gov | patrick@hurford.law |
| P79182 | P82903 |
| Dated: September 27, 2021 | Dated: September 29, 2021 |

**IT IS SO ORDERED.**

Date: September 30, 2021    s/Paul D. Borman
                            UNITED STATES DISTRICT JUDGE